UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 2 1 2011

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 03-40100 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: GARNISHMENT |
| TRACY LYNN KASHMAREK, | |
| Defendant, | |
| and | |
| CIGNA TEL-DRUG, INC., PHILADELPHIA, PA, and its successors or assigns, | |
| Garnishee. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Tracy Lynn Kashmarek filed a request for hearing after a Writ of Continuing Garnishment was issued. The reason for the request was listed as her inability to be the sole support for her two children and to have her wages garnished as contemplated in the Writ of Continuing Garnishment. A hearing was held on Defendant's request for hearing on Monday, May 9, 2011. Through the testimony of Defendant and the exhibits received at the hearing, the Court was presented with a more complete history of the Defendant's financial condition and the Government's efforts at collecting the restitution that was ordered in Defendant's criminal case.

The Government has maintained that 28 U.S.C. § 3202 limits the issues that the Court may consider at hearing in a garnishment procedure. While the Court acknowledges the framework of 28 U.S.C. § 3202, the Court also acknowledges that through 28 U.S.C. § 3013[1] the Court is vested with

---

[1] 28 U.S.C. § 3013 provides: "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying,

statutory oversight of the manner and method of collection of restitution, and may and should curtail the enforcement tools selected by the Government if presented with surrounding facts and circumstances that warrant taking such action. *See United States. v. Woods*, 2010 WL 4386900 (S.D.Ala., Oct. 29, 2010)(Slip Copy). A court, when exercising its oversight responsibilities may consider a Defendant's inability to pay. *See United States v. Ogburn*, 499 F.Supp.2d 28 (D.D.C. 2007); *United States v. Crowther*, 473 F.Supp.2d 729, 731 (N.D.Tex. 2007); *United States v. Kaye*, 93 F.Supp.2d 196, 199 (D.Conn. 2000).

The Defendant has not made restitution payments for a significant period of time. Also, she has not always responded to the Government's efforts to work with her on the restitution obligation. The Defendant, however, is a single mother of two young children who has improved her education and found employment so as to support herself and her children. At the time of the hearing, Defendant, who has a one-month-old baby, was attempting to cut expenses and obtain child support. The Government had also implemented the Treasury Offset Program, 26 U.S.C. § 6402(d), to obtain Defendant's $5,200 tax refund and reduce Defendant's restitution obligation. Consideration of Defendant's income and expenditures at this time validates her claim of inability to pay as contemplated in the Writ of Continuing Garnishment, and the Writ of Continuing Garnishment is vacated until further Order of this Court. The Court believes, however, that Defendant's circumstances will likely change in the next six months and that the Court should review the matter at that time. Accordingly,

IT IS ORDERED:

1. That the Writ of Continuing Garnishment in this case is vacated until further Order of this Court;

2. That by September 1, 2011, the Government should send to Defendant a Financial Statement form seeking relevant financial information;

3. That by September 29, 2011, Defendant shall complete and serve on the Government and file with this Court the completed Financial Statement form;

---

limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."

4. That the completed Financial Statement form will be filed under seal; and

5. That at the time the Financial Statement has been filed, the Government will advise the Court as to any policy or plan it intends to follow in seeking additional enforcement remedies should the Defendant's wages be garnished to the maximum allowed under 15 U.S.C. §1673(a).

Dated this 21st day of July, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahpet
DEPUTY

3